UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 14-05611 MMM (PLAx) | Date | August 13, 2014 |
| Title | Kids II, Inc. v. Matson Logistic Warehousing, Inc | | |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

The party invoking federal jurisdiction bears the burden of establishing the existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). At the pleading stage, this burden is satisfied by alleging facts that show a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction").

The complaint must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assoc.'s*, 33 F.3d 1068, 1071 (9th Cir. 1994).

In the present case, the pleadings do not appear to establish that the court has subject matter jurisdiction to hear the case. Specifically, the court notes the following deficiencies:

    _____ The pleadings do not adequately show that the court has federal question jurisdiction under 28 U.S.C. § 1331.

    __X__ The pleadings do not adequately show that the court has diversity jurisdiction under 28 U.S.C. § 1332. Specifically, the pleadings fail to show that:

        _____ The amount in controversy exceeds the sum or value of $75,000 (28 U.S.C. § 1332(a)).

        __X__ There is complete diversity of citizenship between the parties (28 U.S.C. § 1332(a)(1)-(4)). Specifically, the pleadings fail to show the citizenship of:

            ___ Plaintiff(s)

            __X__ Defendant(s) **Matson Logistics Warehousing, Inc**.

        _____ The amount in controversy exceeds the sum or value of $5,000,000 (28 U.S.C. § 1332(d)(2)).

        _____ There is minimal diversity between the parties (28 U.S.C. § 1332(d)(2)(A)-(C)).

        _____ The number of members of all proposed plaintiff classes is at least 100 (28 U.S.C. § 1332(d)(5)(B)).

    Other:

Accordingly, the court orders **plaintiff** to show cause in writing on or before **August 20, 2014,** why this action should not be **dismissed** for lack of subject matter jurisdiction. If **plaintiff** responds to this order to show cause, **defendant** may file a reply on or before **August 27, 2014.**.

    Should **plaintiff** fail to respond to this order to show cause by **August 20, 2014**, the court will **dismiss the case** forthwith.